## Commonwealth v. Locke

*R. Rex Downie,* for Commonwealth.
*Robert J. Masters,* for defendant.

SAWYER, J., October 31, 1969.—The present controversy arises out of the commitment of David Locke to Farview Hospital following proceedings at September term, 1957, no. 31.

On November 26, 1957, following a plea of guilty, David Locke was convicted of forgery and fraudulent conversion. Judge Robert E. McCreary on December 18, 1957, signed an order committing Locke to the Pennsylvania Institution for Defective Delinquents at Huntingdon (hereinafter referred to as "Huntingdon") to be detained there at the expense of Beaver County. On July 22, 1958, upon petition of the Superintendent at Huntingdon, Judge Morgan H. Sohn issued an order committing Locke to Farview State Hospital to be there detained and treated at the expense of the Commonwealth.

On April 30, 1969, the Commonwealth of Pennsylvania filed a petition in the office of the Clerk of Courts of Beaver County, requesting that the court amend the order of July 22, 1958, so as to place the costs of maintenance of David Locke at Farview upon the County of Beaver, effective from the date of his commitment.

On April 30, 1969, the court issued a rule returnable May 20, 1969, directed to the Commissioners of Beaver County to show cause why the prayer of the Commonwealth's petition should not be granted.

On May 16, 1969, the county filed an answer to the Commonwealth's petition denying any obligation for the maintenance of David Locke.

This case was scheduled for argument in June of 1969; thereafter, briefs were filed by both parties.

## DISCUSSION

The Commonwealth bases its claim against the county on section 702 of the Mental Health Act of June 12, 1951, P. L. 533, 50 PS §1362. This statute provides, in part, as follows:

"(a) Liability for all costs of care of any patients convicted of crime undergoing sentence prior to the expiration of the term of such sentence is hereby imposed, in the following order, against—

"(1) The county in which such patient was convicted;

"(2) Such patient's real and personal property;

"(3) The persons liable for such patient's support."

The Commonwealth maintains that David Locke at the time of his commitment to Farview was a convicted criminal under sentence and that, therefore, Beaver County was responsible for his maintenance.

Under section 702, the county's liability for costs of care expires at the end of the term of sentence. The first commitment order provided that David Locke was to be detained at Huntingdon until further order of court. The county argues that the second commitment order, dated July 22, 1958, ended defendant's Beaver County sentence and that, therefore, the county was no longer liable for the costs of care.

It is assumed by both the Commonwealth and the county that the order of December 18, 1957, committing David Locke to Huntingdon was the sentence imposed in his case. While the docket of the clerk of courts office at September term, 1957, no. 31, contains the two commitment orders, there is no indication that either commitment was intended as a sentence.

When David Locke was committed to Huntingdon, section 347 of the Mental Health Act, 50 PS §1227 required that if a person was committed while criminal proceedings were pending, the proceedings were suspended until his recovery or until sufficient improvement of his condition.

In Commonwealth ex rel Diefenderfer v. Myers, 30 Lehigh 386 (1963), defendant, after entry of a guilty

plea, but before imposition of sentence, was determined to be mentally ill and was committed to Farview under section 343 of the Mental Health Act, 50 PS §1223, which provided for the commitment of convicted persons in lieu of sentence. There, the court determined that the commitment under this section in lieu of sentence had the effect of suspending the proceedings without exhausting the court's power to sentence when defendant was released from the hospital.

David Locke apparently was committed to Huntingdon under section 3 of the Act of May 25, 1937, P. L. 808, as amended June 20, 1947, P. L. 672, sec. 1 (repealed 1968), 61 PS §541-3, which provides, in part, as follows:

"In case sentence has not been imposed, the court shall have power to commit such person to the Pennsylvania Institution for Defective Delinquents in lieu of sentence to a prison, workhouse, Pennsylvania Industrial School, penitentiary or any other penal or correctional institution where required by a relevant act of Assembly or by law, and direct the detaining of such defendant in such institution until the further order of the court."

In a case where sentence has not been imposed, this section empowered the court to commit a defendant in lieu of sentence and to direct the detaining of such defendant until further order of court. David Locke's confinement at Huntingdon, therefore, should be viewed as a commitment and not as a sentence.

Section 4 of the Act of May 25, 1937, supra, 61 PS §541-4, placed maintenance costs on the county from which the person was committed. Judge McCreary's order of December 18, 1957, imposing costs of commitment on Beaver County complied with this section.

The Superintendent at Huntingdon petitioned the court for the commitment of David Locke to a hospital

for mental illness in accordance with the provisions of section 344 of the Mental Health Act, 50 PS §1224. This section provides for the commitment of prisoners or persons released on bail. The provisions of this section apply to any person detained in a prison, whether awaiting trial or undergoing sentence: Commonwealth v. Moon, 383 Pa. 18, 117 A. 2d 96 (1955).

The county's liability, therefore, under section 4 of the Act of May 25, 1937, supra, 61 PS §541-4 continued until defendant's commitment to Huntingdon was terminated by "further order of Court" dated July 22, 1958, committing David Locke to the State Hospital at Farview.

Except as otherwise provided by the Mental Health Act, liability for the costs of care for any person in any State institution is imposed by section 701, 50 PS §1361. The only other section in the Mental Health Act of 1951 imposing liability for the costs of care is section 702 of the Mental Health Act, 50 PS §1362; this section imposes liability "for all costs of care of any patients convicted of crime undergoing sentence." This section would not have been applicable in this case because David Locke was not undergoing sentence.

Section 721 of the Mental Health Act, 50 PS §1386, imposes liability for the "costs of commitment and removal to or from a mental hospital" of persons charged with a crime but not undergoing sentence. Part (b) of section 721 provides as follows:

"(b) Whenever any person convicted of any crime but not sentenced, or charged with any crime and acquitted on the ground of insanity, is committed to any mental hospital, the costs of commitment and of removal to or from the hospital shall be paid by the county in which the crime was committed."

David Locke was convicted of a crime committed in Beaver County, but was not undergoing sentence.

Beaver County, therefore, would have been liable under this section for the costs of commitment and of removal of David Locke to Farview.

It is our opinion that the costs of commitment and removal imposed by section 721 refer only to the costs of the commitment procedure and not to the costs of care at the institution. In section 701 and section 702 of the Mental Health Act of 1951, where the legislature imposed liability for the costs of care, it specifically used language clearly stating "costs of care." In view of its language use in these sections of this act, if the legislature had intended to impose in section 721 liability for the costs of care of a patient, then the legislature would have clearly so stated. The "costs of commitment and removal" imposed on the county by section 721 refer to such items as expenses for a sanity commission or examination, any other expenses of the commitment proceedings, and for costs in transporting the patient to and from the institution.

Judge Sohn's order of July 22, 1958, provided that David Locke should be detained and treated at Farview at the expense of the Commonwealth. The order further provided that Beaver County pay the costs of the commitment proceedings and the expense of removing the prisoner to the hospital.

Section 703 of the Mental Health Act, 50 PS §1363 provides in part as follows:

"(a) When any patient is committed by order of court, the committing court, at the time of commitment, shall make an order for the payment of the costs of care of the patient.

"(b) When any patient is or has been admitted to any institution, any court of the county in which the patient resided prior to his admission shall have power to make an order for the payment of the costs of care of the patient.

"(c) Before making any order, the court shall take into consideration the ability to pay of the patient or the persons liable for his support.

"(d) Any court having the power or duty to make an order shall have the power or duty to modify or revise the order from time to time, on cause shown.

"(e) Every order shall be entered in the prothonotary's office, and shall have the effect of a judgment."

The Commonwealth argues that the court's order imposing costs of maintenance on the Commonwealth was in error and, therefore, requests that the court modify its order to impose liability on Beaver County and to further enter an order in favor of the Commonwealth against the county in the amount of $13,317.31 for the costs of maintenance of David Locke from July 26, 1958, to July 31, 1968. The county argues, relying on section 703(a) of the Mental Health Act, supra, 50 PS §1363, that the order of court is itself sufficient to relieve the county of liability.

The commitment order of July 22, 1958, was properly entered under the authority of section 703 of the Mental Health Act, supra, 50 PS §1363. Under this section, the court was given specific statutory power to determine who shall pay the costs of care of the patient.

At the time this court in 1958 made its order, there were no special provisions dealing with persons such as Mr. Locke, he being a person convicted but not sentenced. Therefore, the general legislative provision as to liability for costs of care of any patient was applicable as set forth in section 701 of the Mental Health Act, supra, 50 PS §1361 as follows: "Except as otherwise specifically provided in this act, liability for all costs of care of any patient in any State institution is hereby imposed, in the following order, against—

"(1) The patient's real and personal property;

"(2) The persons liable for the patient's support;

"(3) The Commonwealth or, in the case of an inebriate, the county or institution district in which he resides": June 12, 1951, P. L. 533, art. VII, sec. 701; January 14, 1951, P. L. (1952) 2053, sec. 11.

Under the above section, if the patient did not have real or personal property or there were no other persons liable for the patient's support, then the Commonwealth must assume the burden of costs of care of the patient.

We assume that Judge Sohn in making the order of the court took into consideration the ability of the patient to pay and whether or not there were any persons liable for his support who had ability to pay; and the order of the court at that time imposing liability for the costs of care on the Commonwealth was an effective and lawful adjudication of the matter of liability.

In the proceedings under consideration, the Commonwealth contends Judge Sohn was in error in his order of July 22, 1958, in failing to impose liability for costs of care on Beaver County; and the Commonwealth requests that the court amend the order of 1958 and place the costs of care of David Locke from the date of his commitment to Farview on July 26, 1958, to July 31, 1968, on Beaver County. We are of the opinion that there existed at that time no authority for Judge Sohn to have imposed liability for the costs of care of David Locke on Beaver County, and the imposition of the liability for care on the Commonwealth was correct and proper under the terms of the Mental Health Act of 1951, supra.

It was not until the passage of the Mental Health and Mental Retardation Act of October 20, 1966, P. L. 96, effective on January 1, 1967, that this court could impose liability on the county for costs of care at a mental facility of a patient under conviction but not

sentenced such as Mr. Locke: section 506, art. V, 50 PS §4505, Pocket Supp.

After January 1, 1967, it may have been proper under paragraph (d) of section 703 of the Mental Health Act of 1951, supra, for the Commonwealth to petition this court for an amendment in the original order to provide for the cost of care of Mr. Locke on Beaver County after January 1, 1967. No such petition was ever presented to this court. If such a petition had been presented, any change in the order as to liability for care would not have been retroactive but prospective. Therefore, in the present proceedings, the only issue is the claim of the Commonwealth that the original order of the court, dated July 22, 1958, was in error and for that reason that order should be revoked and a new order made retroactive to July 22, 1958.

## CONCLUSION

For the reasons set forth above, we find the order of Judge Sohn on July 22, 1958, to be correct; and we refuse to grant the relief requested by the Commonwealth. The rule to show cause issued on Beaver County will be dismissed.

## ORDER

And now, October 31, 1969, the rule issued on the Commissioners of Beaver County to show cause why the prayer of the petition of the Commonwealth should not be granted is hereby dismissed; and the relief requested by the Commonwealth in its petition is hereby refused.